IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-103 |
| ) | Judge Stephanie L. Haines |
| UNIT MANAGER DARREN GINTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This is a civil rights case brought by Robert Winton ("Plaintiff") relating to alleged abuse he received while incarcerated at State Correctional Institution-Houtzdale ("SCI- Houtzdale"). This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff's Second Amended Complaint (ECF No. 17) is the operative complaint. In his Second Amended Complaint (ECF No. 17), Plaintiff alleges he was verbally and physically sexually abused by another prisoner on multiple occasions in February, 2019. After screening the Second Amended Complaint, on September 22, 2020, Magistrate Judge Pesto recommended that the Second Amended Complaint should be served on Defendants Ginter and Myers and that the claims against the remaining Defendants should be dismissed for failure to state a claim (ECF No. 22). Plaintiff indicated he did not object to that recommendation (ECF No. 23), and on October 29, 2020, this Court dismissed Plaintiff's claims against Defendants Koif and John Doe with prejudice (ECF No. 25). On March 17, 2022, Defendants Ginter and Myers then filed an Answer to the Second Amended Complaint (ECF No. 50).

On January 18, 2023, Magistrate Judge Pesto issued a Report and Recommendation (ECF

1

No. 58) wherein he recommended that Plaintiff's Second Amended Complaint (ECF No. 17) be dismissed without prejudice for failure to prosecute if Plaintiff did not file a pretrial statement within fourteen days.  Specifically, Magistrate Judge Pesto noted that Plaintiff had failed to file a pretrial statement by the September 30, 2022 deadline to do so and had done nothing to prosecute his case for several months.  The Report and Recommendation (ECF No. 58) stated Plaintiff had fourteen days to file objections.  *See* 28 U.S.C.§ 636(b)(1)(B) and (C) and Local Civil Rule 72.D.2.  Plaintiff has not filed objections, and the time to do so has expired.

Upon review of the record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter.

A district court has the inherent power to *sua sponte* dismiss an action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with an order of court.  *See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994).  Here, Plaintiff failed to comply with Magistrate Judge Pesto's scheduling order (ECF No. 49) which ordered Plaintiff to file a pretrial statement by September 30, 2022.  In recommending dismissal under Rule 41(b), Magistrate Judge Pesto considered the factors set forth in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), and thoroughly explained why those factors weigh in favor of dismissal without prejudice for failure to prosecute.  Plaintiff also did not file a pretrial statement after receipt of the Report and Recommendation (ECF No. 58) which ordered Plaintiff to file a pretrial statement within fourteen days or face dismissal of his claims.  The Court agrees with Magistrate Judge Pesto that the dismissal of this action without

prejudice for failure to prosecute is appropriate in this matter.

Accordingly, the following order is entered:

## **ORDER OF COURT**

AND NOW, this 21st day of March, 2023, for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 58) which is adopted in whole as the Opinion of the Court, IT IS ORDERED that this action hereby is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with a court order. The Clerk of Court shall mark this matter as closed.

*/s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge